UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAZMINE IMAN ROBERTS; T.M.R.,

                    Plaintiffs,

        -against-

ST. JOSEPHS MEDICAL CENTER,

                    Defendant.

23-CV-7384 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se* and *in forma pauperis*. By order dated December 1, 2023, the Court dismissed the action for lack of subject matter jurisdiction without prejudice to Plaintiff's pursuing relief in the state courts. (ECF 4.) A civil judgment was entered on the same day. On June 28, 2024, the Court received from Plaintiff a notice of appeal to the United States Court of Appeals for the Second Circuit (ECF 7) and a motion for an extension of time to file a notice of appeal (ECF 6).

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, but under Rule 4(a)(5), must do so, at the latest, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to

appeal that was filed more than 60 days after entry of judgment. *See Goode*, 252 F.3d at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . .").

The Court can also grant a motion for an extension of time if it finds that: (1) the moving party did not receive notice of the entry of judgment within 21 days after entry, *and* (2) the motion is filed within 180 days after the judgment or order is entered *or* within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier. *See* Fed. R. Civ. P. 4(a)(6).

The Court denies the motion as untimely. Plaintiff had 30 days from the entry of judgment to file a notice of appeal, that is, until January 2, 2024.[1] See Fed. R. App. P. 4(a)(1)(A). Although the Court may extend the time to file a notice of appeal to 30 days from the date the time to file expires, *see* Fed. R. App. P. 4(a)(5)(A), Plaintiff's motion was filed more than 30 days from the date her time to file the notice of appeal expired. Thus, the Court cannot extend the time to file her notice of appeal.

Nor can the Court grant an extension of time under Fed. R. Civ. 4(a)(6) because Plaintiff does not allege that she received notice of the entry of judgment within 21 days after entry. Rather, in response to the question on the motion for an extension form asking her to explain why she did not file a timely notice of appeal, Plaintiff writes, "lack of affidavit of service, no summons, retaliation and reprisal efforts s[o]ught by unknown entities." (ECF 6, at 1.)

The Court therefore denies Plaintiff's motion for an extension of time to file a notice of appeal. (ECF 6.)

---

[1] Because the last day falls on Sunday, December 31, 2024, and the following day, New Year's Day, is a legal holiday, the deadline is extended to Tuesday, January 2, 2024. Fed. R. App. P. 26.

**CONCLUSION**

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, and

the Clerk of Court is directed to terminate the motion. (ECF 6).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 17, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3